UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAMONA R.,

                              Plaintiff,

                v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                           Defendant.
_____

**DECISION
and
ORDER**

**19-CV-1630F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                       Attorneys for Plaintiff
                       KENNETH R. HILLER, and
                       MELISSA MARIE KUBIAK, of Counsel
                       6000 North Bailey Avenue, Suite 1A
                       Amherst, New York  14226
                               and
                       LEWIS L. SCHWARTZ, PLLC
                       Attorneys for Plaintiff
                       LEWIS L. SCHWARTZ, of Counsel
                       1231 Delaware Avenue
                       Suite 103
                       Buffalo, New York  14209

                       JAMES P. KENNEDY, JR.
                       UNITED STATES ATTORNEY
                       Attorney for Defendant
                       Federal Centre
                       138 Delaware Avenue
                       Buffalo, New York  14202
                               and
                       NOAH MICHAEL SCHABACKER
                       Special Assistant United States Attorney, of Counsel
                       Social Security Administration
                       Office of General Counsel
                       1961 Stout Street
                       Suite 4169
                       Denver, Colorado  80294

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On October 14, 2020, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 18).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on June 18, 2020 (Dkt. 13), and by Defendant on September 16, 2020 (Dkt. 16).

## BACKGROUND

Plaintiff Ramona R. ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on April 5, 2013, for Social Security Disability Insurance ("SSDI") under Title II of the Act ("disability benefits"), for a closed period commencing with her onset disability date of October 10, 2012 and continuing to October 25, 2013.  Plaintiff alleges she became disabled based on cervical and lumbar herniations, right knee injury, C6 radiculopathy, left arm damage, and right knee pain. AR[2] at 10, 248, 251.  Plaintiff's application initially was denied on July 10, 2013, AR at 77-88, and at Plaintiff's timely request, AR at 99-100, on September 18, 2015, a hearing was held in Buffalo, New York before administrative law judge ("ALJ") Sharon Seeley ("ALJ Seeley"), at which Plaintiff, represented by Lewis L. Schwartz, Esq., appeared and testified.  AR at 38-63.

On March 22, 2016, ALJ Seeley issued a decision denying Plaintiff's claim, AR at 7-26 ("initial ALJ decision"), which Plaintiff timely appealed to the Appeals Council.  AR

---

[2] References to "AR" are to the CM/ECF-generated page numbers of the Administrative Record electronically filed by Defendant on February 25, 2020 (Dkt. 5).

at 37.  On June 28, 2017, the Appeals Council denied Plaintiff's request for review, AR

at 1-6, rendering the ALJ's Decision the Commissioner's final decision.  On August 28,

2017, Plaintiff commenced an action in this court seeking judicial review of the initial

ALJ decision, *Richardson v. Comm'r of Soc. Sec.*, 17-CV-849-EAW (W.D.N.Y.), and the

parties filed motions for judgment on the pleadings.  On October 19, 2018, District

Judge Elizabeth A. Wolford issued a Decision and Order granting in part Plaintiff's

motion, denying Defendant's motion, and remanding the matter for further

administrative proceedings.  *Richardson v. Comm'r of Soc. Sec.*, 339 F.Supp.3d 107

(W.D.N.Y. 2018); AR at 669-84.  On December 14, 2018, the Appeals Council

remanded the matter to the ALJ for further proceedings.  AR at 685-89.

On July 31, 2019, a new hearing ("the administrative hearing") was held in

Buffalo, New York before ALJ Paul Georger ("the ALJ").  Appearing and testifying at the

administrative hearing were Plaintiff, represented by James Ratchford, Esq., and

vocational expert Timothy Janakowski ("the VE").  On October 2, 2019, the ALJ issued

a decision denying Plaintiff's claim, AR at 597-613.  On December 2, 2019, Plaintiff

commenced the instant action seeking review of the ALJ's Decision.

On June 18, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 12),

attaching Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Judgment

on the Pleadings (Dkt. 12-1) ("Plaintiff's Memorandum").  On June 18, 2020, Plaintiff's

motion was refiled (Dkt. 13) ("Plaintiff's Motion").  On September 16, 2020, Defendant

moved for judgment on the pleadings (Dkt. 16) ("Defendant's Motion"), attaching

Defendant's Brief in Support of Defendant's Motion for Judgment on the Pleadings and

in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security

Cases (Dkt. 16-1) ("Defendant's Memorandum").  Filed on October 7, 2020, was Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 17) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED in part and DENIED in part; Defendant's Motion is DENIED.

## FACTS[3]

Plaintiff Ramona R. ("Plaintiff"), born December 30, 1973, was 38 years old as of her alleged disability date ("DOD") of October 10, 2012, AR at 248, 252, 624, and 45 years old as of October 2, 2019, the date of the ALJ's Decision.  AR at 608.  Upon applying for disability benefits, Plaintiff was married and lived in a house with her husband, and five children.  AR at 39, 51-52, 245, 620.  Plaintiff graduated high school where she attended regular classes, and attended college for one year obtaining certification as a licensed practical nurse ("LPN").  AR at 252, 620-21, 624.  Plaintiff's past relevant work ("PRW") includes working as a home health aide and as an LPN.  AR at 252, 621-23.

On October 10, 2012, Plaintiff's alleged disability onset date ("DOD"), Plaintiff was involved in a motor vehicle accident ("the accident"), sustaining multiple injuries including to her right ankle, right knee, low back and neck which injuries are the basis for Plaintiff's disability benefits claim.  AR at 624-25.  Following the accident, Plaintiff tried twice, unsuccessfully, to return to work, eventually successfully returning to work as an LPN on October 25, 2013.  *Id.*

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

On December 12, 2012, Plaintiff commenced treatment for her neck and low back injuries with orthopedic surgeon William N. Capicotto, M.D. ("Dr. Capicotto").  AR at 462-85.  On June 21, 2013, Plaintiff underwent a consultive internal medicine examination by Donna Miller, D.O. ("Dr. Miller).  AR at 500-04.  On August 31, 2013, Plaintiff commenced treatment for migraine headaches at Dent Neurologic Institute in Amherst, New York ("Dent"), where she was treated by neurologist Minsoo Kang, M.D. ("Dr. Kang"), and physician assistant Lauren Jendraszek, RPA-C ("PA Jendraszek"). AR at 510-19.  In accordance with Judge Wolford's direction, upon remand from this court, the ALJ referred Plaintiff for an updated consultative internal medicine examination by Nikita Dave, M.D. ("Dr. Dave").  AR at 842-52.  At the July 31, 2019 administrative hearing, Plaintiff attributed her asserted inability to work to the injuries sustained in the accident as well as to debilitating migraine headaches.  AR at 624-627.

## DISCUSSION

1.    **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g),

1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In

reviewing a final decision of the SSA, a district court "is limited to determining whether

the SSA's conclusions were supported by substantial evidence in the record and were

based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir.

2012) (internal quotation marks and citation omitted).  "Substantial evidence is more

than a mere scintilla.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion."  *Id.*  It is not, however, the district court's

function to make a *de novo* determination as to whether the claimant is disabled; rather,

"the reviewing court is required to examine the entire record, including contradictory

evidence and evidence from which conflicting inferences can be drawn" to determine

whether the SSA's findings are supported by substantial evidence.  *Id.*  "Congress has

instructed . . . that the factual findings of the Secretary,[4] if supported by substantial

evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

In short, the issue is not whether substantial evidence supports the claimant's argument,

but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B. v.*

*Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original).  "Under this 'very

deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if

a reasonable factfinder would *have to conclude otherwise*.'"  *Id.*, 523 Fed.Appx. at 58-59

(quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics

in original).

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of
the Secretary of Health and Human Services in Social Security cases was transferred to the
Commissioner of Social Security, effective March 31, 1995.

**2.      Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant

work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains

capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is

unable to perform PRW relevant work, the Commissioner, at the fifth step, must

consider whether, given the applicant's age, education, and past work experience, the

applicant "retains a residual functional capacity to perform alternative substantial gainful

work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.

1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).

The burden of proof is on the applicant for the first four steps, with the Commissioner

bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and

416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need

not be addressed because if the claimant fails to meet the criteria at either of the first

two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if

the claimant meets the criteria for the third or fourth step, the inquiry ceases with the

claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

     In the instant case, the ALJ found Plaintiff met the insured status requirement for

SSDI through December 31, 2023, AR at 602, did not engage in substantial gainful

activity for the closed period for which Plaintiff seeks disability benefits from October 10,

2012 to October 25, 2013 ("the closed period"), but has since resumed substantial

gainful activity, AR at 602-03, suffers from the severe impairments of degenerative disc

disease of the cervical, thoracic, and lumbar spine, patellofemoral chondromalacia

(abnormal softening of the cartilage on the underside of the kneecap) of the right knee,

and history of chronic bronchitis, *id.* at 603, but that Plaintiff's goiter did not pose more

than minimal limitations such that it is non-severe, *id.*, and that Plaintiff does not have

an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*  Despite her impairments, the ALJ found Plaintiff, during the closed period, retained the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except could never climb ropes, ladders, scaffolds, ramps, or stairs, balance, kneel, crouch, or crawl, could occasionally stoop, could not work in humidity and wetness or with dust, odors, fumes, pulmonary irritants, or extremes of cold and heat, and required the option to alternate between sitting and standing every 15 minutes.  AR at 603-07.  The ALJ also found Plaintiff was unable to perform her PRW as an LPN and home attendant during the closed period because the exertional requirements for those jobs were greater than for sedentary work, *id.* at 607, but that Plaintiff, based on her age of 38 as of the DOD, education, and ability to communicate in English, could perform other jobs existing in the national economy, regardless of whether Plaintiff's job skills from her PRW were transferable, including as a telephone solicitor, order clerk, and charge account clerk. *Id.* at 607-08.  Accordingly, the ALJ found Plaintiff was not disabled from October 10, 2012 through the date of the ALJ's decision.  *Id.* at 608.

Plaintiff does not contest the ALJ's findings with regard to the first step of the five-step analysis, but argues that at the second and subsequent steps the ALJ failed to evaluate Plaintiff's migraine headaches, Plaintiff's Memorandum at 16-18, which failure "permeated" the subsequent steps of the sequential analysis, *id.* at 19-21, and failed to comply with Judge Wolford's order remanding the matter to further develop the record by obtaining a useful medical opinion as to Plaintiff's limitations upon which the ALJ could base the RFC determination, *id.* at 21-23, asserting remand for calculation of

9

benefits for the closed period is appropriate.  *Id.* at 23-24.  In opposition, Defendant

argues that in the absence of any objective medical evidence, the ALJ's finding that

Plaintiff's migraines were not a medically determinable impairment was reasonable,

Defendant's Memorandum at 6-8, the ALJ, by referring Plaintiff for a consultative

examination and opinion from Dr. Dave complied with Judge Wolford's order remanding

the matter, *id.* at 8-11, and remand for calculation of benefits is not appropriate because

substantial evidence in the record demonstrates Plaintiff was not disabled.  *Id.* at 11-13.

In reply, Plaintiff repeats her arguments that the ALJ failed to properly evaluate

Plaintiff's migraine headaches at the second and subsequent steps of the sequential

analysis, Plaintiff's Reply at 1-4, but does not provide any further argument regarding

the sufficiency of Dr. Dave's consultative opinion.

    With regard to Plaintiff's migraines, there is no merit to Defendant's argument,

Defendant's Memorandum at 6-8, that the absence of any objective medical evidence

establishing Plaintiff suffered from migraines supports the ALJ's finding that the

migraines were not a severe impairment.  In particular, district courts within the Second

Circuit, including this court, have repeatedly acknowledged that there is no objective

test for migraine headaches.  *See*, *e.g.*, *Drabczyk v. Comm'r of Soc. Sec.*, 2020 WL

4390701, at *4 (W.D.N.Y. July 31, 2010) (observing migraines "are typically not

diagnosed by clinical testing") (citing *Coulter v. Berryhill*, 2017 WL 4570390, at *7

(W.D.N.Y. Sept. 5, 2017) ("[T]here is no clinical test to confirm the existence of

headaches." (internal citations omitted)), *adopted by,* 2017 WL 4541010 (W.D.N.Y. Oct.

11, 2017))); *Brandy Marie T.A. v. Comm'r of Soc. Sec.*, 2019 WL 2264977, at * 4

(N.D.N.Y. May 28, 2019) ("many, many cases have noted the elusive nature of

migraines and have rejected opinions of ALJs that have found migraines not to be severe based upon the lack of objective evidence." (citing cases)).  There thus is no merit to Defendant's argument that absent some objective medical evidence establishing the existence of Plaintiff's migraines, her migraines cannot constitute a severe impairment.

Furthermore, as Plaintiff contends, Plaintiff's Memorandum at 20, the ALJ specifically considered that Plaintiff was treated at Dent for her headaches, but never made any finding regarding whether Plaintiff's migraines were a severe impairment, a non-severe impairment, or a non-medically determinable impairment.  Although an ALJ's failure to consider an impairment to be severe is harmless provided in proceeding through the remaining steps of the sequential disability analysis, the ALJ considers the effects of all of the Plaintiff's impairments, *see Ashley O. v. Saul*, 2021 WL 241965, at *5 (W.D.N.Y. Jan. 25, 2021) (citing *Reices-Colon v. Astrue*, 523 Fed. App'x. 796, 798 (2d Cir. 2013) (harmless error where ALJ erred in excluding severe impairments from step two of the disability analysis but proceeded to evaluate claimant's disability based on such severe impairments through the remaining steps of the sequential analysis)), in the instant case, the ALJ also failed to consider the effect of Plaintiff's migraines on her ability to work.  In particular, the ALJ references treatment records establishing that on August 31, 2013, Plaintiff commenced treatment with Dr. Kang at Dent.[5]  AR at 606 (citing AR at 510-19).  The ALJ considered that at her initial examination at Dent,

---

[5] The court notes numerous other references in the record establish Plaintiff complained of and was treated for migraine headaches prior to August 31, 2013.  *See, e.g.*, AR at 478 (Plaintiff's prescribed medications on December 10, 2012 included migraine medications Imitrex and Amitriptyline HCL); 467 (Plaintiff complained on February 11, 2013 her occipital area headaches (type of migraine) were more frequent), and 467 (occipital area headaches were increasing on April 11, 2013).

Plaintiff reported to Dr. Kang a history of migraines that worsened with age, and even more so after the accident, and experienced two headaches a week with symptoms including "photophobia [sensitivity to light],[6] sonophobia [sensitivity to sound], nausea, vomiting, irritability, and stiffness in the neck."  *Id.* (citing AR at 516). Dr. Kang prescribed amitriptyline which Plaintiff, at a subsequent examination on September 17, 2013, reported she was not taking because she thought the medication was to be taken at bedtime and she was then working a night shift.[7]  *Id.* (citing AR at 513).  The ALJ further considered that Plaintiff's commencement of treatment for migraines at Dent occurred "shortly before she returned to regular employment."  AR at 606.  Despite acknowledging all the effects of Plaintiff's migraines, which the ALJ does not discredit, the ALJ did not incorporate any of Plaintiff's migraine symptoms into the RFC and thus failed to consider the cumulative effects of all of Plaintiff's impairments, as required. *See* 20 C.F.R. § 404.1523(c) (requiring consideration of combined effects of all impairments without regard to whether any such impairment by itself would establish disability).  This is error requiring remand.  *See Crewe v. Comm'r of Soc. Sec.*, 2019 WL 1856260, at * 6 (W.D.N.Y. Apr. 25, 2019) (remanding for further consideration where the medical evidence included treatment for migraines, and the ALJ acknowledged the plaintiff suffered from headaches, but failed to either indicate whether the migraines were a severe impairment or to incorporate the symptoms posed by the plaintiff's headaches into the RFC formulation the plaintiff suffered from migraines).  Accordingly,

---

[6] Unless otherwise indicated, bracketed material has been added.
[7] The report that Plaintiff was working a night shift references one of Plaintiff's two unsuccessful work attempts.  *See* AR at 623-24 (Plaintiff testifying that prior to returning to her LPN job on October 25, 2013, she had two unsuccessful work attempts); and 602-03 (ALJ acknowledging Plaintiff had two unsuccessful work attempts from May 15, 2013 through June 18, 2013, and from July 31, 2013 through September 11, 2013).

the matter must be REMANDED for further consideration of the effects of Plaintiff's migraines on her ability to perform work during the closed period for which Plaintiff seeks disability benefits.

Plaintiff also argues the ALJ failed to comply with Judge Wolford's order on remand to obtain a useful opinion regarding Plaintiff's limitations. Plaintiff's Memorandum at 21-23. Although the record establishes that upon remand, the ALJ requested and obtained a consultative examination of opinion from Dr. Dave, AR at 842-52, the ALJ afforded such opinion "no weight" because it was performed February 24, 2019, well after the closed period for which Plaintiff seeks disability benefits. AR at 606. Plaintiff maintains by affording Dr. Dave's opinion no weight, and failing to recontact any of Plaintiff's treating sources who treated Plaintiff during the closed period, the ALJ failed to close the gap in the record for which the matter was remanded by Judge Wolford. Plaintiff's Memorandum at 23. There is no merit to this argument.

In particular, the ALJ specified he was not affording any weight with respect to Dr. Dave's determination of Plaintiff's maximum RFC during the relevant closed period yet accepted that such determination "demonstrates that Plaintiff's complaints have remained unchanged, but the claimant has been able to work with her impairments." AR at 606. This determination is supported by the ALJ's comparison of Dr. Dave's February 24, 2019 report with Dr. Miller's medical findings and opinion based on Dr. Miller's June 21, 2013 consultative examination, which supported the ALJ's determination that Plaintiff retained the RFC for a reduced range of sedentary work. AR at 606-07 (citing AR at 500-04). Accordingly, because the ALJ's comparison of Dr. Miller's findings based on the June 21, 2013 examination with Dr. Dave's findings based

on the February 24, 2019 examination, showed Plaintiff's condition remained consistent with the medical evidence in the record pertaining to the closed period, the ALJ's extrapolation that Dr. Dave's findings on February 24, 2019 were essentially the same as Dr. Miller's findings on June 21, 2013 was in compliance with Judge Wolford's direction and provides no further basis for remand.

Although Plaintiff requests the matter be remanded solely for calculation of benefits, Plaintiff's Memorandum at 23-24, "remanding solely for the calculation of benefits is considered an 'extraordinary action.'" *Catsigiannis v. Astrue*, 2013 WL 2445046, *5 (E.D.N.Y. 2013). Rather, where the record does not obviously call for a finding of disability, remand for further consideration of the evidence is required. *See Simpson v. Saul*, 2019 WL 4183912, *8 (W.D.N.Y. 2019) (denying request for a remand for a calculation of benefits where it was the third action seeking judicial review of the Commissioner's denial of coverage, but the record was not so "obvious" as to call for finding of disability). *See* also *Burgess*, 537 F.3d at 130 ("we vacate and remand for further consideration because, given the evidence discussed ... above as to the condition of Burgess's back, the ALJ failed to give good reasons for not crediting Dr. Smith's opinion"); and *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("[w]e therefore remand this case to the Appeals Council for a statement of the reasons on the basis of which Dr. Cooley's finding of disability was rejected"). Hence, "[r]eversal for calculation of benefits is appropriate only if the record contains persuasive proof of disability, and a remand for further evidentiary proceedings would serve no useful purpose". *Harry L. v. Commissioner of Social Security*, 2019 WL 3937224, *5 (N.D.N.Y. 2019), *adopted*, 2019 WL 3934952 (N.D.N.Y. 2019). Here, because the record does not necessarily support,

*see Simpson*, 2019 WL 4183912, *8, a finding of disability based on Plaintiff's migraine symptoms, which are not conclusively ascertainable based on objective findings, *see* Discussion, *supra*, at 10, remand is for further consideration of the record rather than for calculation of benefits.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 13) is GRANTED in part and DENIED in part; Defendant's Motion (Dkt. 16) is DENIED; the matter is REMANDED for further proceedings consistent with this Decision and Order.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      February 25th, 2021
            Buffalo, New York